IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIAN A. McKINNEY                                                                                    PLAINTIFF

vs.                                        Civil No. 4:07-cv-04093

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Brian McKinney ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for SSI on September 22, 2004. (Tr. 53). Plaintiff alleged he was disabled due to epilepsy. (Tr. 73). Plaintiff alleged an onset date of January 1, 2001. (Tr. 53). This onset date was later amended to September 22, 204. (Tr. 205). This application was initially denied on June 15, 2005 and was denied again on reconsideration on January 23, 2006. (Tr. 36, 45).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

On June 27, 2006, Plaintiff requested an administrative hearing on his application. (Tr. 31). The hearing was held on December14, 2006 in Texarkana, Arkansas. (Tr. 201-232). Plaintiff was present and was represented by Stanley Brummal, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was twenty one (21) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 17, 206).

On April 14, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 13-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 15, Finding 1). The ALJ determined Plaintiff had the severe impairments of attention deficit-hyperactivity disorder, epilepsy, and migraine headaches. (Tr. 15, Finding 2). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-20, Finding 4). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.929. (Tr. 16-20). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations.

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 16, Finding 4). Specifically, the ALJ determined that Plaintiff retained the following RFC:

>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform essentially the full range of work activity without significant exertional limitations. However, in consideration of the claimant's history of seizure disorder with a history attention deficit-hyperactivity disorder and diminished socialization skills, it is concluded that the claimant would require unskilled work activity which is learned and performed by rote with few variables requiring little individual judgment with simple, direct, and concrete supervision. Further, based on the claimant's documented limitations related to socialization, he would require a setting in which he can essentially work alone.

(Tr. 16, Finding 4). *See* 20 C.F.R. § 416.967.

The ALJ next determined Plaintiff had no Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 21, Findings 5,9). Plaintiff and the VE both testified at the administrative hearing regarding these issues. (Tr. 215-217, 228-230). The VE testified that a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 228-230). For example, the VE testified such a hypothetical person could perform work as a sweeper-cleaner (6,500 such jobs in the State of Arkansas and 750,000 in the nation). (Tr. 21, Finding 9). The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 22, Finding 10).

On May 18, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-9). *See* 20 C.F.R. § 404.984(b)(2). On September 11, 2007, the Appeals Council declined to review this determination. (Tr. 4-6). On October 11, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 18, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 8). This case is now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by not finding Plaintiff met a Listing for autism; and (B) the ALJ did not develop the record as it pertained to Plaintiff's autistic disorder. In response, Defendant argues: (A) the Plaintiff's impairment did not meet a Listing; (B) the ALJ fully and fairly developed the record.

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found that Plaintiff suffered from impairments considered severe within the

5

meaning of the Social Security regulations. These impairments include attention deficit-hyperactivity disorder, epilepsy, and migraine headaches. (Tr. 15). However, the ALJ found there was no substantial evidence in the record showing that Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairments meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).

According to Plaintiff, the ALJ erred at step three of the sequential evaluation process by finding Plaintiff's autism did not constitute a listed impairment. Plaintiff also argues the ALJ did not fully and fairly develop the record as it relates to Plaintiff's autism. Defendant argues substantial evidence supports the ALJ's decision that Plaintiff's autism did not meet or equal a Listing.

Pursuant to Listing 12.10 of 20 C.F.R. Part 404, Subpart P, Appendix 1, an autistic disorder may constitute a disabling condition when medically documented findings establish qualitative deficits in reciprocal social interaction, qualitative deficits in verbal and nonverbal communication and in imaginative activity, and a markedly restricted repertoire of activities and interests. The existence of those three criteria rises to the level of a disabling condition when they exist in conjunction with any two of the following: 1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; or 4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Plaintiff argues the Psychological Evaluation Report of Psychologist Dr. Sheree Moskow supports the finding that Plaintiff's autism meets Listing 12.10. On August 28, 2006, Plaintiff was

seen by Dr. Moskow for a psychological evaluation. (Tr. 191-195). According to Dr. Moskow's clinical observation, Plaintiff had marked impairment in social interaction, communication, and daily living skills, along with stereotyped, restricted and repetitive patterns of behavior, interests and activities. (Tr. 194). Based on these finding, Dr. Moskow stated Plaintiff qualified for a diagnosis of Autistic Disorder. (Tr. 194).

The ALJ found Dr. Moskow's opinions were not entitled to controlling weight because the opinions were contradictory to the weight of other substantial evidence. (Tr. 20). The ALJ based this on Plaintiff's recent completion of three courses for nine credit hours at a junior college. The ALJ stated there was no indication Dr. Moskow had knowledge of this being done by Plaintiff. (Tr. 20).

The fact that Plaintiff attended college and took nine hours, by itself, cannot be considered substantial evidence to contradict a psychological evaluation. The only evidence produced regarding Plaintiff's attendance at college established that he took three classes and completed nine hours at DeQueen Community College in 2005. (Tr. 218-219, 227-228). The classes included reading, math and English. (Tr. 218). Furthermore, Plaintiff was seen by Dr. Moskow in August 2006. This was a year following Plaintiff's attendance at college. Finally, the ALJ sates Dr. Moskow had no knowledge of this fact in making her findings. (Tr. 20). Although this may be the case, there is no evidence in the record to support the finding that Dr. Moskow did not know of Plaintiff's attendance at college classes.

I find the ALJ erred in his analysis of the opinions of Dr. Moskow. This matter should be

remanded for the ALJ to more fully explain the basis for disregarding the opinion of Dr. Moskow.[2] Also, the ALJ shall direct interrogatories to Dr. Maskow regarding Plaintiff's attendance at college and the effect that this information would have on Dr. Maskow's overall opinion of Plaintiff's condition.  Finally, the ALJ may find additional clarification is needed in order to determine if Plaintiff is disabled, and if so, further testing may be necessary to allow the ALJ to make an informed determination of Plaintiff's limitations.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **3rd day of March, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2]The Court notes the Defendant alleged several "good reasons" for disregarding Dr. Moskow's opinion in their appeal brief. (Doc. No. 8, Pages 7-10).  However, argument from the Defendant in a brief cannot substitute for the required analysis by the ALJ in his opinion.